UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VIRGINIA K. PICKARD, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:03-cv-1688-LJM-WTL |
| ) | |
| STEPHEN J. LERCH and DAVID M. ) | |
| WRIGHT, d/b/a WRIGHT & LERCH, ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR AN AWARD
OF ATTORNEYS' FEES & COSTS**

This cause is now before the Court on plaintiff's, Virginia K. Pickard ("Pickard"), Motion for an Award of Attorneys' Fees & Costs pursuant to Federal Rule of Civil Procedure 54(d)(2) ("Rule 54(d)(2)") and 15 U.S.C. § 1692k(a)(3), of the Fair Debt Collections Practices Act ("FDCPA"). Pursuant to the Court's May 26, 2005, Order, Pickard is the prevailing party in this suit, and, as such, pursuant to § 1692k(a)(3), is entitled to her reasonable attorneys' fees and costs. Pickard asserts that she is entitled to attorneys' fees in the sum of $42,708.50, and costs in the sum of $1,100.17, which includes the fees and costs to litigate the issue of a reasonable attorneys' fee. Defendants, Stephen J. Lerch and David M. Wright, doing business as Wright & Lerch (collectively ("Wright & Lerch"), contend that the Court should reduce Pickard's attorneys' fees because both the hourly rate and the number of hours claimed are unreasonable.

For the following reasons the Court **GRANTS in part and DENIES in part** Pickard's motion for attorneys' fees and costs.

## I. **STANDARD**

Section 1692k(a)(3) of the FDCPA provides that a plaintiff who is successful in an action to enforce the FDCPA may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Generally, a reasonable attorneys' fee is the "lodestar," which is determined by "'multiplying the number of hours reasonably expended by a reasonable hourly rate.'" *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 872 (7th Cir. 1995) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The reasonable hourly rate is the market rate for the attorney's services, or "the attorney's actual billing rate for comparable work . . . ." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307,1310 (7th Cir. 1996). *See also*, *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993) (stating that the market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question"). Time that is excessive, duplicative, unnecessary or not properly documented should be excluded from the base calculation. *See Hensley v. Echerhart*, 461 U.S. 424, 433-434 (1983); *People Who Care*, 90 F.3d at 1314. Furthermore, the Court may adjust the base figure upward or downward based on

> the following twelve factors: the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

*Spellen v. Board of Educ. for District 111*, 59 F.3d 642, 645 (7th Cir. 1995) (citing *Hensley*, 461 U.S. 430 n.3). However, some of these considerations may be taken into account in determining the

reasonable rate and should not be accounted for twice. *See Blum v. Stenson*, 465 U.S. 886, 896-902 (1984) (holding that the novelty and complexity of the issues were reflected in the number of hours expended or in the experience of the attorney, which is accounted for in the reasonable hourly rate; the quality of representation is accounted for in the hourly rate except in exceptional circumstances; the benefits to a large class is not an independent basis for a fee award; and the risk of representation because of novel issues is measured according to the "reasonable fee" standard). The Court shall not compensate a prevailing plaintiff for an attorney's work performed on unsuccessful, or legally or factually unrelated claims. *Spellen*, 59 F.3d at 645.

## II. DISCUSSION

Wright & Lerch challenge Pickard's lodestar calculation on both fronts: unreasonable rates and unreasonable number of hours expended. Pickard had three attorneys working this case on her behalf, David J. Phillips ("David Phillips"), Mary E. Phillips ("Mary Phillips"), both of Gomolinshi & Phillips, Ltd., in Hickory Hills, Illinois, and Steven J. Halbert ("Halbert"), a sole practitioner, in Indianapolis, Indiana. David and Mary Phillips both graduated from law school in 1987 and have had extensive experience in FDCPA litigation. David Phillips is a partner in his firm; Mary Phillips is a senior associate. Halbert also graduated from law school in 1987, and although he does not have as extensive experience in FDCPA litigation as the Phillipses, he has been litigating such matters for over ten years.

With respect to the reasonableness of the rates requested, Pickard has asked that the Court compensate her for her attorneys' time at the following rates: David Phillips at his usual and customary rate of $325.00 per hour; Mary Phillips at her usual and customary rate of $275.00 per

hour; and Halbert at his usual and customary rate of $250.00 per hour. Wright & Lerch contend that the reasonable rate is set by the situ of the case, Indianapolis, and according to The Survey of Law Firm Economics, the reasonable rate for David Phillips is $252.00 per hour, and the reasonable rate for an associate if $197.00 per hour, in Indianapolis. Given that Halbert, an Indianapolis lawyer in the FDCPA enforcement field, has an usual and customary rate of $250.00 per hour, David Phillips should be compensated similarly to Halbert, and Mary Phillips at a lesser hourly rate because the hourly rate in Indianapolis for a senior associate would not exceed that of a partner. Moreover, in another case litigated in the Southern District of Indiana in which the Phillipses served as counsel, Judge Barker declined to award plaintiff in that case attorneys' fees for David Phillips at his then-usual hourly rate because it reflected rates for Chicago rather than for Indianapolis. *See Dechert v. Cadle Co.*, No. IP01-880-C-B/G, 2005 WL 152124 (S.D. Ind. Jan. 21, 2005).

Pickard asserts that David Phillips' rate should not be determined by the average rate for services of similar attorneys in Indianapolis because David Phillips' experience in FDCPA litigation is extensive and he is a sought-after speaker on FDCPA issues nationwide. Similarly, Mary Phillips is not an average associate because her experience in FDCPA litigation is as extensive as that of David Phillips. Moreover, the hourly rates asked for in this case for both Phillipses are not reflective of the average rate for attorneys in Chicago at their level of experience, but are actually below the average in that market. Pickard also contends that the hourly rate requested in this case for both attorneys is reasonable in the Indianapolis market because it falls within the range of hourly rates for attorneys with the same level of experience as that of the Phillipses.

The Court disagrees with Pickard that her out-of-state attorneys should be paid a higher hourly rate than her in-state attorney. Although the Court does not doubt that Pickard's out-of-state

4

attorneys have wonderful credentials, Pickard's case was not one in which the skills of a highly-skilled class action lawyer was necessary. It was relatively straightforward, and did not have the complexity of multiple plaintiffs. Moreover, there is no evidence that Pickard's in-state attorney produced sub-par work compared to that of her out-of-state attorneys. In such a case, the Court is hard-pressed to find that rates above the average in the area are a reasonable fee for litigating this FDCPA case. Therefore, the Court finds that it should compensate Pickard's attorneys at the following rates: David Phillips at $252.00 per hour; Mary Phillips at $197.00 per hour; and Halbert at $250.00 per hours.

With respect to the reasonable number of hours, Pickard asks that the Court reimburse her for 106.70 hours total for the Phillips' work and 25.1 hours for Halbert.[1] Wright & Lerch contend that the Court should deduct at least the following hours from those submitted with Pickards' petition:

| Attorney | Time | Reasons |
|---|---|---|
| Mary Phillips | 5.7 hours | Duplicative of David Phillips' time. |
| Mary Phillips | 2.2 hours | Clerical duties. |
| Halbert | 8.0 hours | Duplicative of David Phillips' time; conferencing with David Phillips. |
| Mary Phillips | 1.8 hours | Conferencing with other firm members. |
| Halbert | 3.7 hours | Related to bankruptcy, not FDCPA claim. |

---

[1] With her reply Pickard provided an additional fee petition for attorneys' fees incurred to finalize and support her original fee petition. The total additional fees and costs amounted to $8,022,00 and $227.25 respectively. Counsel agreed to bill only half of the fees, or $4,011.00, because much of the work on the reply brief was done by a new associate, at a rate of $175.00 per hour. The Court accepts Pickard's counsel reduction of these additional fees.

5

| **Attorney** | **Time** | **Reasons** |
|---|---|---|
| David Phillips | 15.1 hours | Halbert attended the hearing, therefore, David Phillips did not need to attend. |

Wright & Lerch also argue that David Phillips' expenses on July 30, 2004, and July 5, 2005, that totaled $242.80, were unnecessary because Halbert attended the hearing, and only one attorney was necessary. Furthermore, Wright & Lerch argue that there is no indication on the expense sheets why a $15.37 DHL overnight delivery charge is related to the case.

Pickard argues that it is reasonable for attorneys to collaborate on a case and to charge for that time so long as the attorney's effort did not "duplicate[] or restate[] that which had already been presented earlier to the court; and did not add substantially to the earlier effort.'" Pl.'s Reply, at 12 (quoting *Renbarger v. South Bend Community Sch. Corp.*, No. S 82-283, S 82-485, 1990 WL 78008, at *14 (N.D. Ind. Mar. 19, 1990), citing *Claus by Claus v. Goshert*, 657 F. Supp. 237, 256 (N.D. Ind. 1987)). Moreover, Pickard argues that it is reasonable for two attorneys to appear at hearings. With respect to any "clerical" work performed by Mary Phillips, Pickard asserts that her time is reasonable because it was spent electronically filing documents, which must be done by an attorney. Finally, Pickard asserts that the DHL expense was an overnight package to the magistrate judge in preparation for a settlement conference.

The Court finds that, for the most part, the number of hours expended is reasonable. Although the Court cautions against using too many high-powered resources on a straight-forward case such as this one, there is precedent for two attorneys to work on litigation, and to attend important conference such as settlement conferences, and be compensated for their work on those cases. *See Bohen v. City of E. Chi.*, 666 F. Supp. 154, 157 (N.D. Ind. 1987) (Easterbrook, J., by designation). Moreover, it is not unreasonable for attorneys to consult with each other over matters

6

that arise in a case, therefore, Wright & Lerch's argument that duplicative time should be struck is unpersuasive. However, there were certain hours that Wright & Lerch point to that the Court agrees need struck. First, there are some hours billed by Mary Phillips that appear to have been clearly duplicative, in other words they added little to the forward movement of the case, including 0.3 hours on September 20, 2004, and 0.3 hours on November 29, 2004. In addition, on two occasions Mary Phillips clearly performed clerical tasks, copying, scanning and converting exhibits, and billed her hourly rate, which the Court cannot allow. Although the Court agrees with Pickard that e-filing is a task for which attorneys should be compensated, it cannot agree that attorneys should be compensated for clearly clerical work. Mary Phillips' hours that were clearly clerical include 0.5 hours on November 23, 2004, and 0.7 hours on November 29, 2004. In addition to these hours, the Court also finds that Halbert's hours on April 7, 15, and 21, 2003, and June 9, 2003, may or may not be reasonably related to Pickard's FDCPA claims because they apparently related to filing of her bankruptcy petition, in which her FDCPA claims were a part. Because the Court cannot distinguish between the two things, it will assume that at least one-third of the time spent on these activities related to Pickard's FDCPA claims, which reduced the total of 3.7 hours to 1.2 hours.

In summary, the Court finds that a total of 1.8 hours of Mary Phillips' time should be deducted from her total, and a total of 2.5 hours of Halbert's time should be deducted from his total. Based on the foregoing, the Court finds that Pickard's reasonable attorneys' fees[2] should be calculated as follows:

---

[2] The Court notes that this calculation only includes attorneys' fees through filing Pickard's original motion for fees. The Court has already accepted in footnote 1 Pickard's petition for fees related to litigating the instant motion that were incurred after filing her original petition.

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| David Phillips | $252.00 | 61.6 | $15,523.20 |
| Mary Phillips | $197.00 | 43.3 | $8,530.10 |
| Steven Halbert | $250.00 | 22.6 | $5,650.00 |

This makes the total attorneys' fees the sum of $15,523.20, $8,530.10, $5,650.00, and $4,011.00[3], in the amount of $29,703.30.  In addition, the total costs are the sum of $872.92, and $175.00, or $1,047.92.

### III. CONCLUSION

For the foregoing reasons, plaintiff's, Virginia K. Pickard, Motion for Award of Attorneys' Fees and Costs is **GRANTED in part and DENIED in part**.  Defendants, Stephen J. Lerch and David M. Wright, doing business as Wright & Lerch, shall pay plaintiff $29,703.30 in attorneys' fees, and $1,047.92 in costs.

IT IS SO ORDERED this 23rd day of January, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

---

[3]*See* footnote 1.

Distributed to:

Steven James Halbert
shalbertlaw@aol.com

Joseph D. McPike II
ZEIGLER COHEN & KOCH
jmcpike@zcklaw.com

David J. Philipps
GOMOLINSKI & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
GOMOLINSKI & PHILIPPS LTD
mephilipps@aol.com

Robert G. Zeigler
ZEIGLER COHEN & KOCH
rzeigler@zcklaw.com